IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-499

No. COA19-288-2

Filed 21 September 2021

Cabarrus County, No. 17 CRS 052061-63, 18 CRS 000550

STATE OF NORTH CAROLINA

v.

BRANDON SCOTT GOINS, Defendant.

Appeal by Defendant from judgments entered 21 September 2018 by Judge Christopher W. Bragg in Cabarrus County Superior Court. Heard in the Court of Appeals 5 December 2019, and opinion filed 4 February 2020. Remanded to this Court by the North Carolina Supreme Court on 11 June 2021 by 2021-NCSC-65 for consideration of Defendant's remaining arguments on appeal.

*Attorney General Joshua H. Stein, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Joseph P. Lattimore for defendant-appellant.*

MURPHY, Judge.

¶ 1   This case returns to this Court after our Supreme Court reversed the opinion in *State v. Goins*, 269 N.C. App. 618, 839 S.E.2d 858 (2020), and remanded the matter to our Court "to address the remaining issues raised by [D]efendant on appeal." *State v. Goins*, 2021-NCSC-65, ¶ 20.

¶ 2   The remaining issues presented by Defendant's appeal are as follows: (1) "Did

the trial court commit plain error in permitting Lieutenant Smith to interpret video footage of the incident to 'corroborate' witness testimony and comment on [Defendant's] guilt?"; and (2)

> Did the trial court commit plain error by failing to instruct the jury on the lesser-included offense of attempted voluntary manslaughter where the video evidence created a conflict about who fired first and thereby produced the requisite evidence to show [Defendant] fired his gun in the heat of blood upon adequate provocation?

¶ 3 Assuming, *arguendo*, that the trial court's alleged failures to act were in error, Defendant cannot demonstrate any alleged error rose to the level of plain error. Our Supreme Court has established what a defendant must demonstrate in order for a trial court's error to rise to the level of plain error:

> [T]o demonstrate that a trial court committed plain error, the defendant must show that a fundamental error occurred at trial. To show fundamental error, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Further, . . . because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Maddux*, 371 N.C. 558, 564, 819 S.E.2d 367, 371 (2018) (marks and citations omitted) (quoting *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012)).

¶ 4 In *State v. Lawrence*, our Supreme Court had reaffirmed the legal principles applicable to plain error review and concluded that the defendant failed to meet his

burden of demonstrating such error. *State v. Lawrence*, 365 N.C. 506, 518-19, 723 S.E.2d 326, 334-35 (2012).

> Specifically, [in *Lawrence*, our Supreme Court] held that the trial court's instruction on conspiracy to commit robbery with a dangerous weapon was erroneous; however, [it] determined that the error was not plain error, because in light of the overwhelming and uncontroverted evidence, [the] defendant cannot show that, absent the error, the jury probably would have returned a different verdict.

*Maddux*, 371 N.C. at 564-65, 819 S.E.2d at 371 (marks omitted). In accordance with *Lawrence*, for us to find prejudice to a defendant under plain error review "[the] [d]efendant must demonstrate that absent the error, the jury probably would have reached a different result." *Id.* at 565, 819 S.E.2d at 371-72 (marks omitted).

¶ 5    Our Supreme Court has already examined and evaluated the strength of the evidence in this case:

> We also examine the evidence presented to the jury. The State presented evidence that [D]efendant was violating his probation and would rather kill himself or be killed by the police than go back to jail. Several witnesses testified that [D]efendant's gun was loaded with bullets designed to cause more serious injuries, which are colloquially referred to as "cop-killers." The State's witnesses also testified that when [D]efendant was eventually located by police, he pointed his gun directly at a police officer in the midst of the pursuit. Furthermore, after Detective Hinton clearly identified himself as a police officer, [D]efendant turned around, drew his weapon, and fired at the officer. Multiple witnesses testified that [D]efendant shot first and that Detective Hinton only returned fire after [D]efendant's first shot. In addition, the hotel surveillance video which

> was played for the jury at trial showed the shootout between [D]efendant and Detective Hinton. *Between the video and the testimony of eyewitnesses who corroborated the State's account of events, "virtually uncontested" evidence of [D]efendant's guilt was submitted to the jury for its consideration.*
>
> . . . .
>
> Therefore, we cannot conclude that [D]efendant has met his burden of showing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached" at trial. N.C.G.S. § 15A-1443 (2019).

*Goins*, 2021-NCSC-65 at ¶¶ 15, 19 (emphasis added).

In making this determination, our Supreme Court did not rely upon the contested evidence Defendant mentions in the first remaining issue, namely the testimony from Lieutenant Smith interpreting video footage of the incident in order to "corroborate" witness testimony. Furthermore, our Supreme Court arrived at this view of the evidence and its impact on the verdict while applying a less taxing standard of "reasonable *possibility*" compared to the "reasonable *probability*" of a different result that must be shown to amount to plain error. *Id.* at ¶ 19.

In light of our Supreme Court's interpretation of the evidence presented at trial, any alleged error does not rise to the level of plain error in the face of "'virtually uncontested' evidence of [D]efendant's guilt[.]" *Id.* at ¶15. To arrive at a different result and view of the evidence presented would create a paradox in which we could collaterally undermine the analysis of our Supreme Court. It is axiomatic that when

our Supreme Court, applying the same or a less taxing standard of review, has already determined and relied upon the impact of unchallenged evidence, we cannot take a different view of the evidence presented or the impact thereof. Defendant has failed to show that any alleged error rose to the level of plain error.

NO PLAIN ERROR.

Judges TYSON and CARPENTER concur.